UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SAMPEL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 1:18-cv-11752-ADB |
| WHOLE FOODS MARKET GROUP, INC., | * |
| | * |
| Defendant. | * |
| | * |
| | * |

## MEMORANDUM AND ORDER GRANTING
## MOTION FOR LEAVE TO AMEND COMPLAINT

BURROUGHS, D.J.

This is a slip and fall case concerning an accident on or about August 12, 2015 at the Whole Foods Market in Hyannis, Massachusetts.

Before the Court are Defendant Whole Foods Market Group, Inc.'s ("Whole Foods") motion to file a third-party complaint against AA Cleaning Company, Inc. ("AA Cleaning") and Plaintiff's assented to motion to amend her complaint to add AA Cleaning as a defendant. [ECF Nos. 19, 20].[1] Whole Foods claims that AA Cleaning was responsible for cleaning the Whole Foods Market in question at the time of Plaintiff's accident and has docketed a contract between Whole Foods and AA Cleaning that Whole Foods claims obligated AA Cleaning to perform cleaning and maintenance services and contains a potentially relevant indemnification clause. [ECF No. 19-1].

---

[1] Plaintiff did not attach Exhibit 2, the Second Amended Complaint, to her motion to amend. The Court has nonetheless been able to infer what it will assert.

Plaintiff maintains that she was not aware of the agreement between Whole Foods and AA Cleaning until Whole Foods served its initial disclosures on November 1, 2018 and filed its motion to file a third-party complaint.

For the reasons set forth below, Plaintiff's motion to amend her complaint [ECF No. 20] is allowed and Whole Foods' motion to file a third-party complaint is denied as moot with leave to renew if, for some reason, Whole Foods elects not to crossclaim against AA Cleaning when it responds to the amended complaint.

I. **DISCUSSION**

Federal Rule of Civil Procedure 15 directs courts to freely give leave to amend pleadings when justice so requires. Although Rule 15 embraces a "liberal amendment policy," district Courts have "significant latitude in deciding whether to grant leave to amend." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Leave to amend is generally granted absent bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of the amendment. Id.

Here, there is no reason to deny Plaintiff's motion to amend. Plaintiff has explained why her initial complaint did not include AA Cleaning, and Whole Foods has assented to the motion. Plaintiff's motion will therefore be granted.

Once Plaintiff files her amended complaint, AA Cleaning will no longer be a third party, and the claims Whole Foods seeks leave to bring against AA Cleaning will seemingly be more properly be styled as crossclaims under Rule 13(g). Therefore, Whole Foods' motion to file a third-party complaint is denied as moot with the expectation that Whole Foods will crossclaim against AA Cleaning or renew its motion.

## II. CONCLUSION

Accordingly, Plaintiff's motion to amend her complaint [ECF No. 20] is granted and Whole Foods's motion to file a third-party complaint is denied as moot.

**SO ORDERED.**

November 27, 2018

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE